## HANNAH RINGGOLD *vs.* JACOB R. GRIFFIN.

If a trial be granted after judgment entered on a *judgment* note it *vacates* that judgment, unless there has been *a levy*.
And in such case there is no *appeal* from a subsequent judgment under five dollars and thirty-three cents.

APPEAL from the judgment of a justice of the peace.

A judgment had been entered by the justice at the suit of *Ringgold* vs. *Griffin* on a judgment note. The deft. made affidavit as required by the act of assembly *(Dig.* 337, *sec.* 12*)* and the justice appointed referees to try the cause, who reported; and the justice afterwards set aside and vacated their report and gave judgment against the defendant for four dollars and sixteen cents, costs; from which an appeal was taken.

*Frame,* of counsel for Griffin, moved to dismiss the appeal on the ground that the judgment was for a sum under five dollars and thirty-three cents, and that no appeal lay from the original judgment.

*Per curiam.* In this case there being no execution, no lien, and a trial ordered by the justice, it is as if an original action had been brought on the note without entering judgment under the power of attorney, the opening of the judgment in such case doing no harm to any one. But if there had been an execution levied the vacating the judgment would necessarily have destroyed the execution and with it the lien of the party; therefore the act provides in such case that the judgment and execution shall stand unless the deft. gives security.

By ordering a trial in this case the judgment entered on the warrant of attorney was vacated; and the proceedings were to be had as if an action had been regularly commenced on the obligation; consequently the only judgment now remaining of record on the record of the justice is the judgment for four dollars and sixteen cents, the amount of the costs which being under five dollars and thirty-three cents is final and no appeal lies therefrom. *(Dig.* 342, *sec.* 22.*)*

Appeal dismissed.